B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|

| PLAINTIFFS Elizabeth Vega 688 North Rimsdale Avenue, #8 Covina, CA 91722 | DEFENDANTS U.S. Bank Home Mortgage 4801 Frederica Street Owensboro, KY 42301 |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) M. Erik Clark 188693 Borowitz, Lozano & Clark, LLP 100 N. Barranca Avenue, Suite 250 West Covina, CA 91791-1600 (626) 332-8600 Fax: (626) 332-8644 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) [X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin [ ] Creditor   [ ] Other [ ] Trustee | PARTY (Check One Box Only) [ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin [X] Creditor   [ ] Other [ ] Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
**COMPLAINT FOR DECLARATORY RELIEF, AND TO REMOVE LIEN OF DEFENDANT**

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ]  11-Recovery of money/property - §542 turnover of property
[ ]  12-Recovery of money/property - §547 preference
[ ]  13-Recovery of money/property - §548 fraudulent transfer
[ ]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ 1 ]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses,
        false representation, actual fraud
[ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary,
        embezzlement, larceny

        **(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation
        (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ]  71-Injunctive relief - imposition of stay
[ ]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ 2 ]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ]  02-Other (e.g. other actions that would have been brought in state
        court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>**Elizabeth Vega** | BANKRUPTCY CASE NO.<br>**LA09-16697-EC** |

| DISTRICT IN WHICH CASE IS PENDING<br>**Central District of California** | DIVISION OFFICE<br>**Los Angeles** | NAME OF JUDGE<br>**Ellen Carroll** |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| **M. Erik Clark 188693** |

| DATE<br>4/08/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**M. Erik Clark 188693** |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| M. ERIK CLARK<br>BOROWITZ, LOZANO & CLARK, LLP<br>100 N. Barranca Avenue, Suite 250<br>West Covina, CA 91791<br><br>(626)332-8600<br>Fax No.: (626)332-8644<br>Bar No.: 188693<br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: ELIZABETH VEGA | | CHAPTER 13 |
|---|---|---|
| | | CASE NUMBER  LA09-16697-EC |
| | Debtor. | ADVERSARY NUMBER |
| ELIZABETH VEGA<br><br>                        vs.                        Plaintiff(s).<br><br>U.S. BANK HOME MORTGAGE<br><br>                                        Defendant(s). | | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** 1639 | **Floor:** 16TH |
|---|---|---|---|
| [X] **255 East Temple Street, Los Angeles** | | [ ] **411 West Fourth Street, Santa Ana** | |
| [ ] **21041 Burbank Boulevard, Woodland Hills** | | [ ] **1415 State Street, Santa Barbara** | |
| [ ] **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

**By:** _____
         **Deputy Clerk**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                                                    **F 7004-1**

Summons and Notice of Status Conference - Page Two (2)

**F 7004-1**

| In re ELIZABETH VEGA | CHAPTER 13 |
|---|---|
| Debtor. | CASE NUMBER LA09-16697-EC |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF  LOS ANGELES

1.  I am employed in the County of  LOS ANGELES , State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:
   100 N. BARRANCA AVENUE, SUITE 250
   WEST COVINA, CA 91791

2.  ☐  **Regular Mail Service:** On _____ , I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____ , California, addressed as set forth below.

3.  ☐  **Personal Service:** On _____ , personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:

☐  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

YESENIA CHICAS
Type Name                                   Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*

**F 7004-1**

M. Erik Clark, Esq. #207291
Eva L. Taylor, Esq. #254009
**BOROWITZ, LOZANO & CLARK, LLP**
100 N. Barranca Ave., Suite 250
West Covina, CA 91791
Telephone:  (626) 332-8600
Facsimile:  (626) 332-8644

Attorney for Debtor
Elizabeth Vega

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

ELIZABETH VEGA,

              Debtor,

ELIZABETH VEGA,

              Plaintiff,

vs.

US BANK HOME MORTGAGE

              Defendant.

Case No: LA09-16697-EC

Chapter 13

Adv.#

**COMPLAINT FOR DECLARATORY RELIEF, AND TO REMOVE LIEN OF DEFENDANTS, PURSUANT TO 11 U.S.C. §506(a)**

### Introduction

1.    This is an action brought by the Plaintiff for Declaratory Relief and to Remove Lien of Defendant Pursuant to 11 U.S.C. §506(a) filed by Debtor, Elizabeth Vega (the "Debtor" and/or "Plaintiff").

2.    This action is also filed to enforce and to implement other Bankruptcy Code provisions and Rules related thereto as plead herein below.

-1-

## JURISDICTIONAL ALLEGATIONS

3. This adversary proceeding arises out of and is related to the above-captioned Chapter 13 case of Elizabeth Vega, Case No. LA09-16697-EC, now pending in this United States Bankruptcy Court. Therefore, this court has jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334 and General Order No. 266 of the United States District Court for the Central District of California.

4. Defendant herein has a claim against Plaintiff, as defined by 11 U.S.C. §101(5). The complaint, as set forth herein, involves the determination of the secured status of a claim pursuant to 11 U.S.C. §506, and as such, constitutes a "core" proceeding pursuant to 28 U.S.C. §157(b)(2).

5. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. §1409(a).

## GENERAL ALLEGATIONS

6. Plaintiff owns a parcel of real property commonly known as 688 North Rimsdale Avenue #8, Covina, California 91722. She resides in said property.

7. As of the date of the filing of the Chapter 13 bankruptcy case herein, that property had a fair market value of approximately $372,000, based on an Appraisal Report prepared on or about March 27, 2009. A true and correct copy of the Appraisal Report and Declaration by Chad Harris is attached hereto as Exhibit "1," and is incorporated herein by this reference.

8. Plaintiff filed the above-captioned case to a Chapter 13 on March 24, 2009.

9. As of the date of the filing of the case, the following liens encumbered the property: A First Deed of Trust in favor of

-2-

HomeEq Servicing in the amount of $417,000.00, a Second Deed of Trust in favor of US Bank Home Mortgage in the amount of $80,000.00, and Home Owners' Association dues in the amount of $2,700. A true and correct copy of Plaintiff's schedule D is attached hereto as Exhibit "2."

10. As of the date of filing herein, only the First Deed of Trust in favor of HomeEq Servicing is a secured claim, as defined by 11 U.S.C. §506(a). A true and correct copy of the Mortgage Statement of HomeEq Servicing, dated March 25, 2008 regarding the First Deed of Trust is attached hereto as Exhibit "3," and it is incorporated herein by this reference.

11. As of the date of the filing of the Chapter 13 bankruptcy case herein, the Second Deed of Trust in favor of Defendant, US Bank Home Mortgage, was entirely unsecured. A true and correct copy of the Account Statement of US Bank Home Mortgage, dated January 26, 2009 is attached hereto as Exhibit "4," and it is incorporated herein by this reference.

### CLAIM FOR RELIEF

**[To Determine Claim To Be Entirely Unsecured**

**And Remove Lien Pursuant to 11 U.S.C. §506(a)]**

12. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. Pursuant to 11 U.S.C. §506(a), the Second Deed of Trust in favor of the Defendant, US Bank Home Mortgage, was, as of the filing date of the bankruptcy case herein, entirely unsecured.

14. Pursuant to controlling Ninth Circuit Law, the lien of Defendant, US Bank Home Mortgage, is completely unsecured, may be

-3-

treated as unsecured in Plaintiff's Chapter 13 Plan, and may be removed.

15. As a result of the foregoing, Plaintiff are entitled to an order from the Court which removes the lien of Defendant, US Bank Home Mortgage, against Plaintiff' residential property and declares that the Second Deed of Trust is of no further force and effect as a secured lien against Plaintiff' residential property, pursuant to 11 U.S.C. §506(a).

**WHEREFORE**, Debtor prays for the following:

1. That a judgment be entered in favor of Plaintiff and against Defendant removing the lien created by the Second Deed of Trust in favor of US Bank Home Mortgage;

2. For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: 4/07/09                              BY: BOROWITZ, LOZANO & CLARK, LLP

                                           M. Erik Clark
                                           Attorney for Plaintiff

-4-

| In re: Elizabeth Vega | | CHAPTER 13 |
|---|---|---|
| | Debtor(s). | CASE NUMBER  LA09-16697-EC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

The foregoing document described **Complaint for Declaratory Relief, and to Remove Lien of Defendant** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _4/09/09_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/9/09 | Yesenia Chicas | *Yesenia Chicas* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                 **F 9013-3.1**

| In re: Elizabeth Vega | | CHAPTER 13 |
|---|---|---|
| | Debtor(s). | CASE NUMBER  LA09-16697-EC |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

### Debtor
Elizabeth Vega
688 N. Rmsdale Avenue #8
Covina, CA 91722

### Chapter 13 Trustee
Kathy A. Dockery
700 S. Flower St., Suite 1950
Los Angeles, CA 90017

### United States Trustee
Ernst & Young Plaza
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

### Judge
Honorable Ellen Carroll
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

### Corporate Office/CEO for Second Deed of Trust (Via Certified Mail)
US Bancorp Center
Attention: Richard Davis
800 Nicollet Mall
Minneapolis, MN 55402

### Second Deed of Trust (Via Certified Mail)
US Bank Home Mortgage
4801 Frederica Street
Owensboro, KY 42301

### Second Deed of Trust Additional Address (Via Certified Mail)
US Bank Home Mortgage
P.O. Box 20005
Owensboro, KY 42304

### Second Deed of Trust Address (Via Certified Mail)
US Bank Home Mortgage
P.O. Box 790414
St. Louis, MO 63179

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                          F 9013-3.1

| In re: Elizabeth Vega | | CHAPTER 13 |
|---|---|---|
| | Debtor(s). | CASE NUMBER  LA09-16697-EC |

**Frist Deed of Trust**
HomeEq Servicing Corporation
P.O. Box 13716
Sacramento, CA 95853

**First Deed of Trust**
HomEq Servicing Corporation
4837 Watt Avenue, Suite 100
North Highlands, CA 95660

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                     F 9013-3.1

# "EXHIBIT 1"

## DECLARATION OF CHAD HARRIS

I, Chad Harris, hereby declare and state as follows:

1.    I have personal knowledge of the facts set forth below and if called upon to testify, I could and would testify thereto in a court of law;

2.    I have been a Real Estate Appraiser for the last 5 years and have been licensed for over 3 years;

3.    In March 27, 2009, I was retained by Elizabeth Vega to appraise her residence located at 688 N. Rimsdale Avenue #8, Covina, CA 91722;

4.    I am familiar with the Uniform Standards of Professional Appraisal Practice as promulgated by the Appraisal Standards Board of The Appraisal Foundation and I appraised the Vega residence in conformity with these Standards;

5.    I personally inspected the interior and exterior of the subject property and based upon my comparison of the subject property with the properties listed as comparable in my appraisal report, I concluded that the subject property was worth approximately $372,000 as of March 27, 2009 (see attached as Exhibit A, a true and correct copy of the Residential Appraisal Report dated March 27, 2009).

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 27, 2009, at Fontana, California.

Chad Harris

-1-

EX 1  pg 1  of 21

9

**CHAD T. HARRIS**
15218 Summit Avenue Ste. 348-300
Fontana, CA 92336
Direct 909-720-5174,  Fax 951-346-9330
Email- chad@harrisappraisalsonline.com

## EDUCATION

- California State University Fullerton- B.A.  2000
  *Major:* Communications

- *Real Estate Appraisal Education*
- Residential Appraisals
- Legal Considerations in Appraisals
- The Appraiser as Expert Witness
- National Uniform Standards of Appraisal
- Appraisal Math and Regulations
- National Uniform Standards Update Course
- Residential Report Writing
- Loss Prevention
- Site Valuation and Cost Approach
- Federal State Laws and Regulations
- California State Licensing Exam- License # AL031917

## RELEVANT EXPERIENCE

- Responsible for property inspection, calculation of gross living area, photography, drawing, and written description of property condition,
- Research and  valuation of single family, multi family, and vacant land properties
- Responsible for establishing and maintaining company client base, relations, scheduling, and invoicing
- Training of new trainee appraisers
- Updating, installing, and troubleshooting all relevant appraisal software
- Electronic delivery of appraisal reports via EDI and PDF formats
- Obtaining zoning classification, tax information, assed values, prior sales history, highest and best use, and other pertinent information

EX__1__pg 2 of 22

10

**EMPLOYMENT**

- Harris Appraisals – Owner/Appraiser August 2005 to present
- Brunsma and Associates – Appraiser/ Trainer- November 2003 to August 2005
- Pomona Unified School District – Teacher- October 2001 to June 2004

**HONORS**

- Recipient of Dean's list honors January, 1999 and January, 2000

**SKILLS**

- Proficient in ACI, Marshall & Swift Cost Data, APEX sketching software, Microsoft Word, Adobe Acrobat, and MLS

**REFERENCES**

- Available upon request

EX ___ pg _3_ of _21_

11

**Harris Appraisals**

File No. C090050

********* INVOICE *********

File Number: C090050                                    March 27 ,2009

Invoice # :
Order Date :
Reference/Case # :
PO Number :

688 N Rimsdale Ave #8
Covina, CA  91722

| | | |
|---|---|---|
| GPAR | $ | 350.00 |
| | $ | --------- |
| Invoice Total | $ | 350.00 |
| State Sales Tax @ | $ | 0.00 |
| Deposit | ($ | 350.00 ) |
| Deposit | ($ | ) |
| | | --------- |
| Amount Due | $ | 0.00 |

Terms:   To be paid upon receipt.

Please Make Check Payable To:

**Harris Appraisals**

Fed. I.D. #: C.H.

**15218 Summit Avenue, Ste. 300 #348 Fontana, CA 92336**

EX__1__pg__4__of__21

Harris Appraisals

File No. C090050

APPRAISAL OF



Real Property

LOCATED AT:

688 N Rimsdale Ave #8
Covina, CA 91722

CLIENT:

Borowitz Lozano & Clark LLP
100 N. Barranca Ave. Ste. 250
West Covina, CA 91791

AS OF:

March 27, 2009

BY:

Chad Harris

13

EX 1 pg 5 of 22

**Harris Appraisals**

File No. C090050

Borowitz Lozano & Clark LLP
100 N. Barranca Ave. Ste. 250
West Covina, CA 91791

File Number:  C090050

In accordance with your request, I have appraised the real property at:

688 N Rimsdale Ave #8
Covina, CA  91722

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of   March 27, 2009                              is:

$372,000
Three Hundred Seventy-Two Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

Chad Harris

Home Appraisals

**Residential Appraisal Report**                                                                     File No. C090050

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

| Client Name/Intended User Borowitz Lozano & Clark LLP | E-mail mcaballero@blclaw.com | | |
|---|---|---|---|
| Client Address 100 N. Barranca Ave. Ste. 250 | City West Covina | State CA | Zip 91791 |

Additional Intended User(s) N/A

Intended Use bankruptcy

| Property Address 688 N Rimsdale Ave #8 | City Covina | State CA | Zip 91722 |
|---|---|---|---|
| Owner of Public Record Vega Elizabeth | | County Los Angeles | |

Legal Description  Tr=46810 Lot 100

| Assessor's Parcel # 8434-014-063 | Tax Year 2008 | R.E. Taxes $ $3,423 |
|---|---|---|
| Neighborhood Name Covina Palms | Map Reference 598-J5 | Census Tract 4057.00 |

Property Rights Appraised  [X] Fee Simple   [ ] Leasehold   [ ] Other (describe)

My research [X] did  [ ] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer:  Date 06/11/2007    Price 80,000    Source(s) Realist. Com

Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable)   The subject property last transferred as the result of a second mortgage on 6/11/2007 for $80,000.

Offerings, options and contracts as of the effective date of the appraisal    N/A

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % |
|---|---|---|---|---|---|---|---|---|
| Location [ ] Urban [X] Suburban [ ] Rural | Property Values [ ] Increasing [ ] Stable [X] Declining | | PRICE $(000) | AGE (yrs) | One-Unit | 91% % |
| Built-Up [X] Over 75% [ ] 25-75% [ ] Under 25% | Demand/Supply [ ] Shortage [X] In Balance [ ] Over Supply | | 360 Low | 14 | 2-4 Unit | 3% % |
| Growth [ ] Rapid [X] Stable [ ] Slow | Marketing Time [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | | 485 High | 55 | Multi-Family | 2% % |
| | | | 410 Pred. | 25 | Commercial | 2% % |
| | | | | | Other Vacant | 2% % |

Neighborhood Boundaries  Cypress Street north, Azusa Avenue Avenue east, San Bernardino Road south Lark Ellen Avenue east.

Neighborhood Description   See Attached Addendum.

Market Conditions (including support for the above conclusions)   See Attached Addendum.

| Dimensions See Plat Map | Area 3280 Sqft. | Shape Rectangular | View Residential |
|---|---|---|---|

Specific Zoning Classification Cvm1-C3a*    Zoning Description    Resid-Planned

Zoning Compliance  [X] Legal   [ ] Legal Nonconforming (Grandfathered Use)   [ ] No Zoning   [ ] Illegal (describe)

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes  [ ] No   If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | City Service | Water | [X] | City Service | Street Asphalt | [X] | [ ] |
| Gas | [X] | City Service | Sanitary Sewer | [X] | City Service | Alley None | [ ] | [ ] |

Site Comments   See Plat Map

| GENERAL DESCRIPTION | | FOUNDATION | | EXTERIOR DESCRIPTION materials | | INTERIOR materials | |
|---|---|---|---|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit | | [X] Concrete Slab [ ] Crawl Space | | Foundation Walls Concrete/Avg. | | Floors Carpet/Tile/Avg. | |
| # of Stories Two | | [ ] Full Basement [ ] Partial Basement | | Exterior Walls Stucco/Avg. | | Walls Drywall/Avg. | |
| Type [X] Det. [ ] Att. [ ] S-Det/End Unit | | Basement Area 0.0000 sq. ft. | | Roof Surface Tile/Avg. | | Trim/Finish Wd. Avg. | |
| [X] Existing [ ] Proposed [ ] Under Const. | | Basement Finish N/A % | | Gutters & Downspouts None | | Bath Floor Tile/Vinyl/Avg. | |
| Design (Style) Single Family | | [ ] Outside Entry/Exit [ ] Sump Pump | | Window Type DualPn./Average | | Bath Wainscot Fiberglass/Avg. | |
| Year Built 1991 | | | | Storm Sash/Insulated None | | Car Storage [ ] None | |
| Effective Age (Yrs) 12 | | | | Screens Yes/Avg. | | [X] Driveway # of Cars 2 | |
| Attic [ ] None | Heating [X] FWA [ ] HW [ ] Radiant | Amenities | | [ ] WoodStove(s) # | | Driveway Surface Concrete | |
| [ ] Drop Stair [X] Stairs | [ ] Other Fuel Gas | [X] Fireplace(s) # 2 | [X] Fence Blk. Wall | [X] Garage # of Cars 2 | |
| [ ] Floor [X] Scuttle | Cooling [X] Central Air Conditioning | [X] Patio/Deck | [ ] Porch | [ ] Carport # of Cars | |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other | [ ] Pool | [X] Other Balc. | [X] Att. [ ] Det. [ ] Built-in | |
| Appliances [ ] Refrigerator [X] Range/Oven | [X] Dishwasher [X] Disposal [ ] Microwave | [ ] Washer/Dryer [ ] Other (describe) | | | | | |

Finished area above grade contains:   7 Rooms   4 Bedrooms   2.5 Bath(s)   2,496 Square Feet of Gross Living Area Above Grade

Additional Features  Subject has tile flooring, granite counter tops, two fireplaces, balcony, and a rear patio.

Comments on the improvements   The subject appears to be built with average quality materials and craftsman and is in average condition. The subject's downstairs bathroom has been remodeled. The subject's upstairs bathrooms suffer from deferred maintenance. The subject's upstairs common bathroom tile is in need of repair.

gpar™

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 1 of 2

This form Copyright © 2007-2008 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2008
GPAR1004_08 06/17/2008

15

EX 1 pg 7 of 22

Harris Appraisals
Residential Appraisal Report

File No. C090050

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 688 N Rimsdale Ave #8 | 688 N. Rimsdale Avenue # 107 | | 688 N. Rimsdale Avenue # 82 | | 688 N. Rimsdale Avenue # 17 | |
| Address Covina | | Covina | | Covina | | Covina | |
| Proximity to Subject | | Same Complex | | Same Complex | | Same Complex | |
| Sale Price | $ Refinance | $ | 409,000 | $ | 360,000 | $ | 359,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 182.43 sq. ft. | | $ 160.57 sq. ft. | | $ 171.85 sq. ft. | |
| Data Source(s) | Site Inspection | Drive By/FNC Data/MLS | | Drive By/FNC Data/MLS | | Drive By/FNC Data/MLS | |
| Verification Source(s) | County Rec. | Doc# 1769805 | | Doc# 1744126 | | Doc# N/A | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | N/A | Conventional | | Conventional | | Conventional | |
| Concessions | N/A | No Adjustment | | No Adjustment | | No Adjustment | |
| Date of Sale/Time | N/A | 10/02/2008 | | 09/29/2008 | | Pending | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 3280 Sqft. | 3358 Sq. Ft. | | 2879 Sq. Ft. | | 3868 Sq. Ft. | |
| View | Residential | Residential | | Residential | | Residential | |
| Design (Style) | Single Family | Single Family | | Single Family | | Single Family | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 18+/- Years | 20 Years | | 20 Years | | 16 Years | |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 7 4 2.5 | 8 4 3 | -2,500 | 7 4 2.5 | | 7 3 2.5 | |
| Gross Living Area | 20 2,496 sq. ft. | 2,242 sq. ft. | 5,100 | 2,242 sq. ft. | 5,100 | 2,089 sq. ft. | 8,100 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | None | None | | None | | None | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Gas FAU C/Air | Gas FAU C/Air | | Gas FAU C/Air | | Gas FAU C/Air | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2 Car Garage | 2 Car Garage | | 2 Car Garage | | 2 Car Garage | |
| Porch/Patio/Deck | Patio, Balc. | Pto. | | Pto. | | Pto. | 10,000 |
| | | | | | | | |
| | | Time Adj. | -20,000 | | | | |
| | | DOM: 40 | | DOM: 137 | | DOM : 79 | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 16,400 | ☐ + ☒ - $ | 11,900 | ☒ + ☐ - $ | 18,100 |
| Adjusted Sale Price | | Net Adj. -4.0% | | Net Adj. -3.3% | | Net Adj. 5.0% % | |
| of Comparables | | Gross Adj 7.0% % $ | 392,600 | Gross Adj 6.7% % $ | 348,100 | Gross Adj 5.0% % $ | 377,100 |

Summary of Sales Comparison Approach   All market data was confirmed by Multiple Listing Service, Appraiser drive by, Agent or Public Records. Comparables were given consideration and weight based on net and gross adjustments. The comparables included in this report were the best available at the time of inspection and all information was deemed reliable. Gross and net adjustments fall within appraisal guidelines of under 25% and 15% respectively. There was no adjustment made for bedroom count and is considered part of the square footage dollar adjustment. All comparables used in this report are located in similar competing neighborhoods and there is no adjustment made for location. Comparable #1 previously transferred on 5/1/2008 for $327,000. Comparable #4 previously transferred on 8/7/2008 for $150,000. At the time of inspection there were no available comparable sales within the subject market area with a greater gross living area.

COST APPROACH TO VALUE

Site Value Comments  N/A

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE ............................................ = $ | |
|---|---|---|
| Source of cost data | Dwelling 2,496 Sq. Ft. @ $ ............ = $ | 0 |
| Quality rating from cost service   Effective date of cost data | Bsmt. 0 Sq. Ft. @ $ ............ = $ | 0 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | |
| | Garage/Carport 480 Sq. Ft. @ $ ............ = $ | 0 |
| | Total Estimate of Cost-New ............ = $ | 0 |
| | Less 0 Physical Functional External | |
| | Depreciation = $( | 0) |
| | Depreciated Cost of Improvements ............................... = $ | 0 |
| | "As-is" Value of Site Improvements ............................ = $ | |
| | INDICATED VALUE BY COST APPROACH ............................ = $ | 0 |

INCOME APPROACH TO VALUE

Estimated Monthly Market Rent $   N/A  X Gross Rent Multiplier   N/A  = $   0  Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)

Indicated Value by: Sales Comparison Approach $ 372,000     Cost Approach (if developed) $ N/A     Income Approach (if developed) $ N/A

Most weight and consideration has been given to the market approach. It best reflects buyers and sellers for this type of property. The cost Approach is best when the improvements are new. The income approach is not considered since SFRs do not trade based upon their income generating ability.

This appraisal is made ☒ "as is," ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed ☐ subject to the following:
See Attached Addendum.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report is $ 372,000  as of March 27, 2009 , which is the effective date of this appraisal.

gpar
general purpose appraisal report

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 2 of 2

This form Copyright © 2005-2008 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
GPAR1004_05 08112008

Harris Appraisals

14

EX  1  pg  8  of  22

Hertic Appraisals
Residential Appraisal Report

File No. C090050

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| 688 N Rimsdale Ave #8 | | 1022 La Breda Street | | | | | |
| Address  Covina | | Covina | | | | | |
| Proximity to Subject | | 0.62 miles NNE | | | | | |
| Sale Price | $ Refinance | $ | 281,000 | $ | | $ | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 194.87 sq. ft. | | sq. ft. $ | | sq. ft. $ | |
| Data Source(s) | Site Inspection | Drive By/FNC Data/MLS | | | | | |
| Verification Source(s) | County Rec | Doc# 35354 | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | N/A | Conventional | | | | | |
| Concessions | N/A | No Adjustment | | | | | |
| Date of Sale/Time | N/A | 01/12/2009 | | | | | |
| Location | Suburban | Suburban | | | | | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | | | | |
| Site | 3280 Sqft. | 4024 Sq. Ft. | -1,500 | | | | |
| View | Residential | Residential | | | | | |
| Design (Style) | Single Family | Single Family | | | | | |
| Quality of Construction | Average | Average | | | | | |
| Actual Age | 18+/- Years | 30 Years | 1,200 | | | | |
| Condition | Average | Average | | | | | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 7 / 4 / 2.5 | 5 / 3 / 1.5 | 5,000 | | | | |
| Gross Living Area | 20    2,496 sq. ft. | 1,442 sq. ft. | 21,100 | sq. ft. | | sq. ft. | |
| Basement & Finished | None | None | | | | | |
| Rooms Below Grade | None | None | | | | | |
| Functional Utility | Average | Average | | | | | |
| Heating/Cooling | Gas FAU C/Air | Gas FAU C/Air | | | | | |
| Energy Efficient Items | None | None | | | | | |
| Garage/Carport | 2 Car Garage | 2 Car Garage | | | | | |
| Porch/Patio/Deck | Patio, Balc. | Pto. | 1,000 | | | | |
| | | | | | | | |
| | | DOM :25 | | | | | |
| Net Adjustment (Total) | | [X] + [ ] - $ | 26,800 | [X] + [ ] - $ | 0 | [X] + [ ] - $ | 0 |
| Adjusted Sale Price | | Net Adj. 9.5% % | | Net Adj. 0.0% % | | Net Adj. 0.0% % | |
| of Comparables | | Gross Adj. 10.6% % $ | 307,800 | Gross Adj. 0.0% % $ | 0 | Gross Adj. 0.0% % $ | 0 |

Summary of Sales Comparison Approach

gpar™
general purpose appraisal report

Produced using ACI software · 800.234.8727 www.aciweb.com
Addition 1 / comparables

This form Copyright © 2005-2008 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report  12/2008
GPAR1004_05 0811/2008

EX 1 pg 9 of 22

| Client: Borowitz Lozano & Clark LLP | | File No.: C090050 | |
|---|---|---|---|
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: | |
| City: Covina | | State: CA | Zip: 91722 |

DEFINITION OF VALUE...the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:(1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial agreements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by seller as a result of tradition or law in a market area; these costs are readily indentifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

COMMENTS ON DIGITAL SIGNATURE...This report contains digital signatures -- in line with applicable federal law. The affixed digital signature is a true representation of my hand-written signature. Furthermore, the ability to affix my digital signature to this or any other appraisal report is secured from use by parties other than myself by encryption and password protection.

COMMENTS ON COMPETITIVE LISTINGS.." I have considered relevant competitive listings and/or contract offerings in the performance of this appraisal an in the trending information reported in this section. If a trend is indicated, I have attached an addendum providing relevant competitive listing/contract offering data.

COMMENTS ON SALES COMPARISON...All sales are considered the best available and deemed reliable.  All sales are considered from competing neighborhood locations. All comparable sales are of similar style. All sales are closed transactions. All sales are considered the best available and deemed reliable. No adjustments were made for date of sale or appreciation.  Adjustment differences in above grade living area are based on $20.00 per square foot.  No adjustment is made for bedroom count and is considered a part of the square footage dollar adjustment. The selected comparable are considered to be the best available. The adjustments for differences are reasonable and within recommended guidelines.

FINAL RECONCILIATION...The income approach is not considered to be relevant as there is no market data to support this type of analysis. the market approach is traditionally considered to be the most reliable indicator of value as it best reflects the current market conditions, including financing.

SALES HISTORY..The subject property last transferred as the result of a second mortgage on 6/11/2007 for $80,000.

PERSONAL PROPERTY...No items of personal property, fixtures or intangible property were included in the estimated property value, unless otherwise stated in the report.

ENVIRONMENTAL DISCLAIMER...The value estimated in this report is based on the assumption that the property is not negatively affected by the existence of hazardous substances or detrimental environmental conditions.  The appraiser is not an expert in the identification of hazardous substances or detrimental environmental conditions.  The appraiser's routine inspection of the subject property did not develop any information that indicated any apparent significant hazardous substances or detrimental environmental conditions which would affect the property negatively.  It is possible that tests and inspections made by a qualified hazardous substance and environmental expert would reveal the existence of hazardous materials and environmental conditions on or around the property that would negatively affect its value.  The appraiser, however, is not qualified to detect such substances.  The existence of any potential urea-formaldehyde foam insulation, hazardous waste material or radon may have an effect on the value of the property.  We urge the client to retain an expert in this field if desired.

SUPPLEMENTAL CERTIFICATION AND LIMITING CONDITIONS...1.  Unless otherwise indicated in this report, the date of this report is the same date as the date of the appraisal.2.  Unless otherwise indicated in this report, a financial institution intends to use this report to determine the market value of the subject property for purposes of granting a federally related mortgage loan.3.  Unless otherwise indicated in this report, the subject property's market value was based on the cash price.4.  Unless otherwise indicated in this report, all usual valuation approaches were utilized.5.  Unless otherwise indicated in this report no extraordinary influences (e.g., easements, restrictions, encumbrances, leases, reservations, covenants, contracts, special assessments) on market value exist.6.  Unless otherwise indicated and specifically itemized with a value estimate, no personal property, trade fixtures, or intangible items are included in the appraisal of the subject property.7.  Unless otherwise indicated in this report the subject property os not currently listed for sale or subject to any safe agreement or option.8.  Unless otherwise indicated in this report and spacially itemized, according to public records, listing services and the homeowner, the subject property has not hee transferred in the past 12 months.9.  Unless otherwise indicated in this report, the estimated marketing time for the subject property was determined from available data services and listing services.  Unless otherwise indicated in this report, information from such data and listing services is believed to be reliable and was considered in the  final reconciliation of market value.10.  Unless otherwise indicated in this report, the reasoning used to determine the selection of "increasing", "stable", or "declining" in the neighborhood section of current market conditions and trends of this report, was based on information provided by available data services and listing services.11.  Unless otherwise indicated in this report, this report is based on current land use regulations and the probability of modification of current land use regulations is unlikely.12.  Unless otherwise indicated in this report, the site value listed in the appraisal is determined as though the land is vacant and available for development to its highest investment use and the appraisal of improvements is based on their actual contribution to the site.13.  Unless otherwise indicated in this report, the appraised value is not effected by anticipated public or private improvements.14.  Unless otherwise indicated in this report, if proposed improvements were appraised the following were (and remain available to be) inspected: Plans, specifications and

18          EX 1 pg 10 of 22

| Client: Borowitz Lozano & Clark LLP | | File No.: C090050 |
|---|---|---|
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: |
| City: Covina | State: CA | Zip: 91722 |

related documentation to identify scope and character of improvements; evidence indicating probable time of completion; and clear and appropriate evidence supporting development costs, anticipated earning, occupancy projections and anticipated competition on completion.15. Unless otherwise indicated in this report, the subject property is not a fractional interest, physical segment, component or partial holding of a property.16. Unless otherwise indicated in this report, information of rental data, operating expenses and capitalization was not obtained due to the lack of reliable rental data for single family homes in the subject property's neighborhood.17. Unless otherwise indicated in this report, the subject property is not a leased fee or lease hold estate.18. Unless otherwise indicated in this report, the existence of hazardous substances, including without limitation, asbestos, polychlorinated biphenyls, petroleum leakage, or agricultural chemicals, which may or may not be present on the property, or other environmental conditions, were not called to the attention of nor did the appraiser become aware of such during the appraiser's inspection. The appraiser has no knowledge of existence of such material on or in the property  unless otherwise stated.  If the presence of such substances, such as asbestos, urea-formaldehyde, foam insulation, or other hazardous substances or environmental conditions may affect the value of the property, the value estimated is predicted on the assumption that there is no such condition on or in the property or in such proximity there to that it would cause a loss in value.19.  Unless otherwise indicated in this report, no other limiting conditions or extraordinary assumptions (e.g. pending lease, atypical financing, completion of improvements) directly affect the appraisal or the analyses, opinions, and conclusions stated herein.20.  Additional Certifications:A.  Unless otherwise stated in this report, in accordance with the competency provision of the Uniform Standard of Professional Appraisal Practice, I have verified that my knowledge and experience are sufficient to allow me to competently complete this appraisal.B.  I have no personal interest or bias with respect to the parties involved or the subject property.C.  The appraisal assignment was not based on a requested minimum valuation, a specific valuation. or the approval of a loan, and by compensation is not contingent upon direction in value that favors the cause of the client. the amount of the value estimate, the attainment of a stipulated result or the occurrence of a subsequent event.D.  My analyses, opinions, and conclusions were developed, and this report has been prepared in conformity with Uniform Standard of Professional Appraisal Practice. The departure provision of the Uniform Standard of Professional Appraisal Practice was not utilized in preparation of this report.E.  The report analyses, opinions and conclusions are limited only by the reported assumptions, limiting conditions and are my personal, unbiased analyses, opinions and conclusions.F.  Unless otherwise stated in this report, no one provided significant professional assistance to me in the preparation of this report.G.  I certify that, to the best of my knowledge and belief, the statements contained in this report are true and correct.H.  I certify that on the date of the appraisal report I was actively licensed by the appropriate state agency to perform the subject appraisal.

**Neighborhood Description**
The subject is located in a great planned  community of homes consisting of similar age, design, and appeal.  The neighborhood exhibits average to good maintenance levels. The subject neighborhood is within relatively close proximity to the10 Freeway which grants  access to employment centers.The subject market is located close to recreational areas, shopping, schools, and municipal services and has average appeal to buyers in the market.

**Neighborhood Market Conditions**
 Current market conditions favor standard conventional financing. The subject's market area is not affected by loan discounts, interest buy downs, or concessions. Market time was obtained from multiple listing service data and the appraisers' observations of the subject property's market area.The subject market is located close to recreational areas, under current market conditions is more than 90 calendar days. This estimate considers size, condition, location, and price range of the subject and surrounding properties.

**Conditions of Appraisal**
Value assigned to the subject in it's "AS IS" condition.  Deem this a summary report.  Use of this appraisal is intended only for the Client mentioned on page one of GPAR.

19    EX _1_ pg _11_ of _22_

### Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



Produced ACI software, 800.234.8727 www.aciweb.com
Page 1 of 2

This form Copyright © 2006-2008 ACI Division of ISO Claims Services, Inc.. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
GPARLIM_05 08112008

20

EX __1__ pg __12__ of __22__

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification.  Significant real property appraisal assistance provided by:

Additional Certifications:

Definition of Value:  [X] Market Value    [ ] Other Value: _____
Source of Definition: Fannie Mae

DEFINITION OF VALUE...the most probable price which a property should bring in a competitive and open market under all conditions requisite  to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:(1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3)  a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial agreements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by seller as a result of tradition or law  in a market area;  these costs are readily indentifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender  that is not already involved in the property or transaction. Any adjustment  should not be calculated on a mechanical dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

ADDRESS OF THE PROPERTY APPRAISED:
688 N Rimsdale Ave #8
Covina, CA 91722
EFFECTIVE DATE OF THE APPRAISAL: March 27, 2009
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 372,000

| APPRAISER | SUPERVISORY APPRAISER |
|---|---|
| Signature: | Signature: |
| Name: Chad Harris | Name: |
| State Certification # | State Certification # |
| or License # AL031917 | or License # |
| or Other (describe): _____ State #: _____ | State: |
| State: CA | Expiration Date of Certification or License: |
| Expiration Date of Certification or License: 09/18/2009 | Date of Signature: |
| Date of Signature and Report: 03/29/2009 | Date of Property Viewing: |
| Date of Property Viewing: March 27 ,2009 | Degree of property viewing: |
| Degree of property viewing: | [ ] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view |
| [X] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view | |

**gpar**

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 2 of 2

This form Copyright © 2005-2008 ACI Division of ISO Claims Services, Inc.. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report  12/2005
GPARLM_05 09112008

Harris Appraisals

2)

EX 1 pg 13 of 22

DIMENSION LIST ADDENDUM

| | | |
|---|---|---|
| Client:  Borowitz Lozano & Clark LLP | | File No.:  C090050 |
| Property Address: 888 N Rimsdale Ave #8 | | Case No.: |
| City: Covina | State: CA | Zip: 91722 |

| | | |
|---|---|---|
| GROSS BUILDING AREA (GBA) | | 2,496 |
| GROSS LIVING AREA (GLA) | | 2,496 |

| Area(s) | Area | % of GLA | % of GBA |
|---|---|---|---|
| Living | 2,496 | | 100.00 |
| Level 1 | 1,140 | 45.67 | 45.67 |
| Level 2 | 1,356 | 54.33 | 54.33 |
| Level 3 | 0 | 0.00 | 0.00 |
| Other | 0 | 0.00 | 0.00 |

| | GBA | | |
|---|---|---|---|
| Basement | ☐ | 0 | |
| Garage | ☐ ☐ | 480 | |

| Area Measurements | | | | Area Type | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Measurements | Factor | | Total | Level 1 | Level 2 | Level 3 | Other | Bsmt. | Garage |
| 22.00 x 20.00 x | 1.00 | = | 440.00 | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.00 x 4.00 x | 1.00 | = | 40.00 | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| 44.00 x 25.00 x | 1.00 | = | 1,100.00 | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 24.00 x 1.00 x | 1.00 | = | 24.00 | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 16.00 x 1.00 x | 1.00 | = | 16.00 | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 56.00 x 11.00 x | 1.00 | = | 616.00 | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 54.00 x 10.00 x | 1.00 | = | 540.00 | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 40.00 x 5.00 x | 1.00 | = | 200.00 | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Produced using ACI software, 800.234.8727 www.aciweb.com

DIM 02082007

| Client:  Borowitz Lozano & Clark LLP | SUBJECT PROPERTY PHOTO ADDENDUM | File No.:  C090050 |
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: |
| City: Covina | State: CA | Zip: 91722 |



FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date: March 27, 2009
Appraised Value: $ 372,000



REAR VIEW OF
SUBJECT PROPERTY



STREET SCENE

23



EX 1 pg 15 of 22

COMPARABLE PROPERTY PHOTO ADDENDUM

| Client: | Borowitz Lozano & Clark LLP | | File No.: | C090050 |
| Property Address: 688 N Rimsdale Ave #8 | | | Case No.: | |
| City: Covina | | State: CA | | Zip: 91722 |



COMPARABLE SALE #1

688 N. Rimsdale Avenue # 107
Covina
Sale Date: 10/02/2008
Sale Price: $ 409,000



COMPARABLE SALE #2

688 N. Rimsdale Avenue # 82
Covina
Sale Date: 09/29/2008
Sale Price: $ 360,000



COMPARABLE SALE #3

688 N. Rimsdale Avenue # 17
Covina
Sale Date: Pending
Sale Price: $ 359,000

| Client: Borowitz Lozano & Clark LLP | | File No.: C090050 |
|---|---|---|
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: |
| City: Covina | State: CA | Zip: 91722 |



**COMPARABLE SALE #4**

1022 La Breda Street
Covina
Sale Date: 01/12/2009
Sale Price: $ 281,000



**COMPARABLE SALE #5**

Sale Date:
Sale Price: $



**COMPARABLE SALE #6**

Sale Date:
Sale Price: $

| Client: Borowitz Lozano & Clark LLP | | File No.: C090050 |
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: |
| City: Covina | State: CA | Zip: 91722 |







EX 1  pg 18 of 22

26

| Client: Borowitz Lozano & Clark LLP | | File No.: C090050 |
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: |
| City: Covina | State: CA | Zip: 91722 |







| Client: Borowitz Lozano & Clark LLP | File No.: C090050 | |
|---|---|---|
| Property Address: 688 N Rimsdale Ave #8 | Case No.: | |
| City: Covina | State: CA | Zip: 91722 |







28

EX 1 pg 20 of 22

FLOORPLAN

| Client:  Borowitz Lozano & Clark LLP | | File No.:  C090050 | |
|---|---|---|---|
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: | |
| City: Covina | | State: CA | Zip: 91722 |



Comments:

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Net Size | Net Totals |
| GLA1 | First Floor | 1140.0 | 1140.0 |
| GLA2 | Second Floor | 1356.0 | 1356.0 |
| GAR | Garage | 480.0 | 480.0 |
| | Net LIVABLE Area | (Rounded) | 2496 |

| LIVING AREA BREAKDOWN | | |
|---|---|---|
| Breakdown | | Subtotals |
| First Floor | | |
| 25.0 x 44.0 | | 1100.0 |
| 1.0 x 24.0 | | 24.0 |
| 1.0 x 16.0 | | 16.0 |
| Second Floor | | |
| 11.0 x 56.0 | | 616.0 |
| 10.0 x 54.0 | | 540.0 |
| 5.0 x 40.0 | | 200.0 |
| 6 Items | (Rounded) | 2496 |

LOCATION MAP

| Client: Borowitz Lozano & Clark LLP | | File No.: C090050 |
|---|---|---|
| Property Address: 688 N Rimsdale Ave #8 | | Case No.: |
| City: Covina | State: CA | Zip: 91722 |



Comparable Sale 4
1022 La Breda Street
Covina, CA 91722-2630
(0.52 miles NNE)

Subject
688 N Rimsdale Ave #8
Covina, CA 91722-3543

Comparable Sale 3
688 N. Rimsdale Avenue # 17
Covina, CA 91722-3544

Comparable Sale 2
688 N. Rimsdale Avenue # 82
Covina, CA 91722-3553

Comparable Sale 1
688 N. Rimsdale Avenue # 107
Covina, CA 91722-3555

EX __l__ pg _22_ of _22_

30

# "EXHIBIT 2"

B6D (Official Form 6D) (12/07)

In re    **Elizabeth Vega**                                                      Case No.    **LA09-16697-EC**
_____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **xxx-x-008-1**<br><br>**Covina Palms HOA**<br>**P.O. box 1510**<br>**Upland, CA 91785** | - | | | | **2008**<br><br>**Homeowner's Association Fees**<br><br>**Residence:**<br>**688 North Rimsdale Avenue, #8**<br>**Covina, CA 91722** | | | | | |
| | | | | | Value $            320,000.00 | | | | 2,950.00 | 2,950.00 |
| Account No. **xxxxx2773**<br><br>**HomEq Servicing**<br>**P.O. Box 13716**<br>**Sacramento, CA 95853** | | | | | **2007**<br><br>**First Deed of Trust**<br><br>**Residence:**<br>**688 North Rimsdale Avenue, #8**<br>**Covina, CA 91722** | | | X | | |
| | | | | | Value $            320,000.00 | | | | 417,000.00 | 97,000.00 |
| Account No.<br><br>**Representing:**<br>**HomEq Servicing** | | | | | **Homeq Servicing**<br>**4837 Watt Avenue, Suite 100**<br>**North Highlands, CA 95660** | | | | | |
| | | | | | Value $ | | | | | |
| Account No.<br><br>**IndyMac Bank**<br>**460 Sierra Madre Villa Avenue**<br>**Pasadena, CA 91107** | - | | | | **2007**<br><br>**First Deed of Trust**<br><br>**House & Lot:**<br>**116 North Hollenbeck Avenue**<br>**Covina, CA 91723** | | | X | | |
| | | | | | Value $            375,000.00 | | | | 310,000.00 | 0.00 |

__1__  continuation sheets attached

Subtotal
(Total of this page)

| | |
|---|---|
| 729,950.00 | 99,950.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

EX _2_ pg _1_ of _2_

B6D (Official Form 6D) (12/07) - Cont.

In re    **Elizabeth Vega**                                    Case No.    **LA09-16697-EC**
_____
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | 2007 | | | | | |
| **IndyMac Bank** **460 Sierra Madre Villa Avenue** **Pasadena, CA 91107** | - | | **Second Deed of Trust** **House & Lot:** **116 North Hollenbeck Avenue** **Covina, CA 91723** | | | X | | |
| | | | Value $             375,000.00 | | | | 80,000.00 | 0.00 |
| Account No. xxxxxx5278 | | | 2007 | | | | | |
| **US Bank Home Mortgage** **4801 Frederica Street** **Owensboro, KY 42301** | - | | **Second Deed of Trust** **Residence:** **688 North Rimsdale Avenue, #8** **Covina, CA 91722** | | | X | | |
| | | | Value $             320,000.00 | | | | 80,000.00 | 80,000.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 160,000.00 | 80,000.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 889,950.00 | 179,950.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                Best Case Bankruptcy

33

EX _2_ pg _2_ of _2_

# "EXHIBIT 3"

# HomEq Servicing
P.O. BOX 13716
SACRAMENTO, CA 95853-3716

## ACCOUNT STATEMENT

Statement Date:                        03/25/08
Account Number:                      325662773

### QUESTIONS ABOUT YOUR ACCOUNT

Visit us on the web at www.homeq.com, or call Customer Service at
1-877-867-7378 Monday through Friday, 5:00 A.M. - 5:30 P.M.
Pacific Time. Please have your account number available.
For your convenience, our automated attendant is available 24 hours
a day, seven days a week.

ELIZABETH VEGA
688 N RIMSDALE UNIT B
COVINA CA 91722-3543

Property Address:   688 N RIMSDALE
                    COVINA CA 91722

| AMOUNT DUE EXPLANATION | | ACCOUNT | |
|---|---|---|---|
| Principal and Interest Due | $1,974.23 | **INFORMATION** | Principal Balance - As of 03/25/08 $395,504.94 |
| Escrow Over/Short | -$274.25 | | Escrow Balance - As of 03/25/08 $3,255.00 |
| Monthly Payment Amount-Due by 04/01/08 | $2,245.48 | | The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes. |

| | | ESCROW | Taxes Paid Year-To-Date $.00 |
|---|---|---|---|
| Amount(s) Past Due - As of 03/25/08 | $2,245.48 | **DISBURSEMENTS** | Insurance Paid Year-To-Date $3,255.00 |
| Late Charge Balance | $98.71 | **INTEREST & TAX** | |
| Returned Check Fees | $0.00 | **INFORMATION** | Interest Paid Year-To-Date $3,951.28 |
| Other Fees | $0.00 | | Interest Paid in 2007 $23,873.84 |
| Amount Due - By 04/01/08* | $4,589.67 | | Taxes Paid in 2007 $.00 |
| *Amount Due may not include all fees or advances | | | In order to assist you with tax planning, we are providing information on your Account interest and taxes paid in the prior year. |

**PLEASE NOTE**
If the payment due on 04/01/08 is not received by 04/16/08, a
late charge in the amount of $98.71 may be assessed to your
account.

**ACCOUNT STATUS**
HomEq has not yet received your payment. A
late charge may have already been assessed to
your account. Failure to fulfill the terms of your
agreement may result in collection activity. If you
have already sent your payment, please accept
our thanks; if not, please refer to the back of this
billing statement for payment options.

**PROTECT YOUR CREDIT**
You are hereby notified that we may report
information about your account to credit reporting
agencies. Late payments, missed payments, or
other defaults on your account may be reflected
on your credit report. To dispute information
reported to a credit reporting agency, please
send a written dispute and any related
documentation to the credit reporting agency.

**PAYMENT ACTIVITY**

| | |
|---|---|
| Principal Scheduled | $.00 |
| Interest | $.00 |
| Late Charges | $.00 |
| Total | $.00 |

EX 3 pg 1 of 1

# "EXHIBIT 4"





**U.S. bank**
Home Mortgage

OVERNIGHT DELIVERY:
U.S. Bank Home Mortgage
4801 Frederica Street
Owensboro, KY 42301

608 N RIMSDALE AVE APT 8
COVINA CA 91722-2648

Statement Date



### Payment Summary

SCHEDULED DUE DATE

| LOAN DUE DATE | |
|---|---|
| PAYMENT FACTORS: | |
| Principal & Interest | $801.40 |
| PAYMENT AMOUNT DUE | $801.40 |
| Past Due Amount | $841.97 |

### Loan Information

| ACCOUNT NUMBER | 8250195278 |
|---|---|
| PROPERTY ADDRESS: | 608 N RIMSDALE AVE |
| | COVINA CA 91722 |

INTEREST RATE     11.650%

BALANCES

YEAR TO DATE

SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT INFORMATION

### Transaction Activity

| TRANSACTION DESCRIPTION | DUE DATE | TRANSACTION DATE | TOTAL RECEIVED | PRINCIPAL | INTEREST | ESCROW | PRODUCT | SUBSIDY | SUSPENSE | FEES |
|---|---|---|---|---|---|---|---|---|---|---|

**IMPORTANT MESSAGES**

IMPORTANT HAZARD/HOMEOWNER'S INSURANCE INFORMATION
Your hazard/homeowner's policy must reflect the following as loss payee
to ensure timely payments of future billings.

U.S. Bank, NA
Its Successors and/or Assigns
C/O U.S. Bank Home Mortgage
Loan Number 8250195278
PO Box 5760
Springfield, OH 45501-5760

DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

**U.S. bank**

| LOAN NUMBER | SCHEDULED DUE DATE | PAYMENT AMOUNT | PAST DUE AMOUNT | TOTAL AMOUNT DUE | * IF RECEIVED AFTER CUTOFF | PAYMENT AMT DUE |
|---|---|---|---|---|---|---|
| 8250195278 | 02/01/09 | $801.40 | $801.40 | $1,642.37 | | $1,642.94 |

E. ZABETH VEGA

U.S. Bank Home Mortgage
P.O. Box 790414
St. Louis MO 63179-0414

OVERNIGHT DELIVERY:
U.S. Bank Home Mortgage
4801 Frederica Street
Owensboro, KY 42301

| Additional Principal | $ |
|---|---|
| Additional Interest | $ |
| Other (Please specify) | $ |
| **Total Amount Enclosed** | $ |



37

EX 4 pg 1 of 1