M. Erik Clark, #188693
Eva L. Taylor, #254009
Shannon A. Doyle #207291
**BOROWITZ, LOZANO & CLARK, LLP**
100 N. Barranca Ave., Suite 250
West Covina, CA 91791
Telephone:      (626) 332-8600
Facsimile:      (626) 332-8644
Attorney for Debtor/Plaintiffs

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ELIZABETH VEGA,<br><br>           Debtor.<br>─────────────────<br>ELIZABETH VEGA,<br><br>           Plaintiff,<br><br>vs.<br><br>US BANK HOME MORTGAGE<br><br>           Defendant(s). | Case No.  2:09-bk-16697-EC<br><br>Chapter 13<br><br>Adv. No.  2:09-ap-01376-EC<br><br>**MOTION FOR DEFAULT JUDGMENT TO STRIP-OFF LIEN OF US BANK HOME MORTGAGE FROM DEBTOR'S REAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELIZABETH VEGA; DECLARATION OF CHAD HARRIS; AND DECLARATION OF EVA L. TAYLOR IN SUPPORT THEREOF** |

The debtor, Elizabeth Vega, by and through her attorney, Eva L. Taylor, hereby files this Motion for Default Judgment to declare the second deed of trust held by US Bank Home Mortgage on Debtor's Real Property an unsecured claim. This Motion is based on the following Memorandum of Points and Authorities and Declarations of Elizabeth Vega, Chad Harris and Eva L. Taylor.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

Elizabeth Vega ("Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code on March 24, 2009. Her Chapter 13 First Amended Plan ("Plan") proposes monthly payments of $496.00 for sixty (60) months which will pay 1% to the general unsecured creditors. Debtor's Schedule A lists the value of her real property located at 688 North Rimsdale Avenue #8, California 91722 ("Property") at approximately $372,000.00.00 based on an Appraisal Report prepared by Chad Harris on or about March 27, 2009 (see attached as Exhibit 1, a true and correct copy of the Appraisal Report by Chad Harris). Debtor's Schedule D lists two deeds of trust and Home Owners' Association dues (see attached as Exhibit 2, a true and correct copy of Debtor's Schedule D filed on March 24, 2009). HomEq Servicing holds the first deed of trust on the Property and the current principal balance of this encumbrance is approximately $417,000.00 (see attached as Exhibit 3, a true and correct copy of the April 2, 2009 mortgage statement of HomEq Servicing on the first deed of trust). US Bank Home Mortgage ("Defendant" or "US Bank") holds the second deed of trust in the amount of approximately $80,000.00 (see attached as Exhibit 4, a true and correct copy of the June 1, 2009 mortgage statement of US Bank Home Mortgage on the second deed of trust). The amount owed to the first deed of trust exceeds the value of the Debtor's Property and leaves Defendant's second deed of trust lien wholly undersecured.

The Summons in the instant case was issued on April 14, 2008. The Summons and Notice of Status Conference set a deadline for Defendant to file a response by May 14, 2009 (see attached as Exhibit

5, a true and correct copy of the Summons and Notice of Status Conference issued on April 14, 2008 and setting the deadline to file responsive pleadings by May 14, 2009). The Summons and Complaint were served on Defendant on April 23, 2009 (see attached as Exhibit 6, a true and correct copy of the Proof of Service of the Summons and Complaint). As of the filing of this Motion, the Defendant has not filed a response (see attached as Exhibit 7, a true and correct copy of the Pacer Docket). Debtor's Request for Entry of Default was entered on June 16, 2009 (see attached as Exhibit 8, a true and correct copy of the Request for Entry of Default). See Declaration of Eva L. Taylor.

## DISCUSSION

The issue before this Court is whether a second mortgagor's "secured claim" on a piece of real property is wholly undersecured and considered an unsecured claim for chapter 13 plan purposes pursuant to 11 U.S.C. Section 506(a)(1). Section 506(a)(1) states the following:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1). However, Bankruptcy Code Section 1322(b)(2) states:

> The plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2). The real property in question here is Debtor's principal residence. The United States Supreme Court found in Nobleman v. American Savings Bank, 508 U.S. 324 (U.S. 1993), that debtor cannot bifurcate the claims of lenders with security interest in Debtor's residence when only a portion of the debt is undersecured. Id. at 327. Furthermore, the Court stated:

> Petitioners were correct in looking to § 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim. It was permissible for petitioners to seek valuation in proposing their Chapter 13 plan, since § 506(a) states that "such value shall be determined…in conjunction with any hearing…on a plan affecting such creditor's interests."

Nobleman at 329. The debtor in Nobleman brought a motion for valuation of real property in their chapter 13 bankruptcy. As stated above, the Supreme Court agreed that a motion to seek valuation of real property was permissible to seeks a determination of whether a lien recorded against the real property were undersecured or secured under 11 U.S.C. Section 506(a). The Debtor in the instant case seeks to modify Defendant's purported secured claim on the second deed of trust by having this claim declared an unsecured claim. Defendant's claim on the second deed of trust is a completely unsecured claim since no security interest attaches to

Defendant's lien on the residence. Defendant would be entitled to the protection of Section 1322(b)(2) only if after satisfaction of the first mortgage, it retained some security in the property. In the instant case, there is no such security because the first deed of trust ($417,000.00) exceeds the value of the Property ($372,000.00). The second deed of trust held by Defendant, which stand in third position, would be completely unsecured after satisfaction of Debtor's property tax and first mortgage debts.

The conclusion that a claim of a particular secured lender is wholly undersecured, relieves debtor from their obligations under the promissory note to make adequate protection payments to the lender. United Sav. Asso v. Timbers of Inwood Forest Assocs, 484 U.S. 365, 370-380 (U.S. 1988). Furthermore, the mortgage lender is barred from bringing a Motion for Relief from the Automatic Stay in order to exercise its rights to foreclosure.

Section 506(a)(1) allows valuation of real property to determine the nature of the claim held by a real property lien holder. In Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220, 1223 (9th Cir 2002), the Court explained that the term "secured claim" is a term of art, and a claim secured by a lien on the property is not necessarily a "secured claim" and may be modified and avoided. The Court stated, "Although it seems paradoxical on its face, PSB Lending's claim is arguably an 'unsecured claim' that is also 'a claim secured only by a security interest in real property that is the Debtor's principal residence.'" Id. Protecting wholly unsecured lien holders under section 1322(b)(2) is contrary to the provisions of the Bankruptcy Code. The Court in Zimmer,

interpreting <u>Nobelman</u> and pursuant to Section 506(a), held that a completely undersecured mortgage lien may be avoided in Chapter 13. <u>Id</u>. Similarly, Defendant's second deed of trust is wholly undersecured and section 1322(b)(2) does not apply. Pursuant to <u>Nobelman</u> and <u>Zimmer</u>, Defendant's lien should be avoided and Defendant's claim is wholly unsecured.

    The Court in <u>In Re Plouffe</u>, 157 B.R. 198 (Bankr. D. Conn. 1993), held that for a mortgagee to claim the protection against modification granted by Section 1322(b)(2), the mortgagee must qualify as the holder of a secured claim to some extent as determined by Section 506(a). The court rationalized that "there is neither a logical nor rational basis for a creditor holding a completely unsecured claim to be protected from claim modification in a bankruptcy case simply because the creditor had obtained a lien on the homestead pre-petition." <u>Id</u>. at 200.

    The Court in <u>In Re Hornes</u>, 160 B.R. 709 (Bankr. D. Conn. 1993), explained that the code does not generally classify creditors based on the existence of a piece of paper purporting to give a creditor rights in specified collateral, but rather on whether a creditor actually holds a claim supported by valuably estate property. <u>Id</u>. at 715. In the instant case, Defendant holds a second deed of trust that is wholly unsecured, and therefore is not secured by any collateral or valuable estate. Therefore, the lien of Defendant should be treated as an unsecured claim, and be avoided in its entirety.

    In the seminal case, <u>In Re Lam</u>, 211 B.R. 36 (9th Cir. BAP, 1997), the debtor filed a Chapter 13 case on November 17, 1994. In

their schedules they listed their place of residence, which had an undisputed fair market value of $300,000. The property was encumbered by four (4) trust deeds. The note held by Chase Manhattan Bank (first deed of trust) in the amount of $164,222 was completely secured. Boston Company (second deed of trust) in the amount of $61,924 was also completely secured. Tracy Federal (third deed of trust) in the amount of $560,000 was partially secured, and therefore not subject to modification under the code. Thrift (fourth deed of trust) in the amount of $17,193 was completely undersecured and therefore the Appellate Court ruled that Thrift's lien was avoided. Likewise, Defendant's claim on Debtor's Property is also completely unsecured and should be avoided.

The real property in question here is Debtor's home. The value of the Property has been determined by an appraiser to be approximately $372,000.00. As stated above, the debt owed to the first deed of trust, therefore, exceeds the value of the Property leaving the first deed of trust as partially undersecured, and the second deed of trust owed to Defendant as wholly unsecured. Therefore, based on Section 506(a)(1) Defendant's claim is an unsecured claim.

## CONCLUSION

Based upon the foregoing, the Debtor respectfully request that this Court enter a judgment holding Defendant's lien to be an undersecured lien and therefore to be treated as an unsecured claim. The value of the Debtor's Property is less than the amount owed to the first mortgagor. In a liquidation context, the second mortgagor would not receive any funds. Therefore, under section 506(a),

Defendant is the holder of an unsecured claim, and any assertions as to Defendant holding a "secured claim" is illusory. The Debtor respectfully request that the Court hold that the lien by US Bank Home Mortgage have no further force and effect as a secured lien against the Debtor's Property upon discharge in the Chapter 13 bankruptcy.

Dated: July 16, 2009                    Borowitz, Lozano & Clark, L.L.P.

                                        Shannon A Doyle for Eva Taylor
                                        Eva L. Taylor
                                        Attorney for Debtor

**DECLARATION OF ELIZABETH VEGA**

I, Elizabeth Vega, hereby declare as follows:

1. I am the debtor in the herein Chapter 13 bankruptcy (Case number:LA09-16697EC) and the Plaintiffs in the instant adversary proceeding (Case number: 09-01376-EC);

2. That I have personal knowledge of the facts set forth below and if called upon to testify, I could and would competently testify thereto;

3. That I filed the instant Chapter 13 bankruptcy on March 24, 2009;

4. That my Schedule A lists the value of my real property located at 688 North Rimsdale Avenue #8, California 91722 ("Property") at approximately $372,000.00.00;

5. That I hired Chad Harris to do an appraisal of my Property and his Appraisal Report approximates the fair market value of Debtor's Property at $372,000.00 (see attached as Exhibit 1, a true and correct copy of the Appraisal Report by Chad Harris);

6. That my Schedule D lists Home Owners' Association dues and two deeds of trust on the Property (see attached as Exhibit 2, a true and correct copy of Schedule D filed on March 24, 2009 listing mortgages to HomEq Servicing and US Bank Home Mortgage);

7. That HomeEq Servicing holds the first deed of trust on the Property and the current principal balance of this encumbrance is approximately $417,000.00(see attached as

      Exhibit 3, a true and correct copy of the mortgage statement of HomEq Servicing dated April 2, 2009);

8. That US Bank Home Mortgage holds the second deed of trust in the amount of approximately $80,000.00 (see attached as Exhibit 4, a true and correct copy of the mortgage statement of US Bank Home Mortgage dated June 1, 2009).

I, Elizabeth Vega, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at _West Covina_, California.

Date: _July 16, 2009_

_____
Elizabeth Vega
Debtor

## DECLARATION OF EVA L. TAYLOR

I, Eva L. Taylor, hereby declare and state as follows:

1. As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto;

2. That I am an associate attorney with the Law Offices of Borowitz, Lozano & Clark, LLP;

3. That the debtor, Elizabeth Vega, retained our services to file a chapter 13 bankruptcy;

4. That the debtor filed the instant chapter 13 bankruptcy on March 24, 2009. Case number LA09-16697EC;

5. That Elizabeth Vega also retained my services to file a complaint against defendant, US Bank Home Mortgage;

6. That the Summons was issued on April 14, 2009 (Case number 09-01376-EC) (see attached as Exhibit 5, a true and correct copy of the Summons and Notice of Status Conference issued on April 14, 2009 and setting the deadline to file responsive pleadings by May 14, 2009);

7. That the Summons and Complaint were served on Defendant on April 23, 2009 (see attached as Exhibit 6, a true and correct copy of the Proof of Service of the Summons and Complaint);

8. That the time for filing an Answer or Response expired on May 14, 2009;

9. That a search of Pacer revealed that no Answer or other response has been filed or served by Defendant (see attached as Exhibit 7, a true and correct copy of the Pacer Docket);

10. That Debtor's Request for Entry of Default was entered on June 16, 2009 (see attached as Exhibit 8, a true and correct copy of the Request for Entry of Default).

I, Eva L. Taylor, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at West Covina, California on the date set forth below.

Dated: July 16, 2009

Shannon A Doyle for Eva Taylor
Eva L. Taylor
Attorney for Debtor